IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHOTSANI BENNETT, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) | |
| vs. ) | NO. 1:09-cv-1615-GET |
| ) | |
| DM ASSOCIATES, LLC, ) | |
| ) | |
| Defendants ) | |

## DEFENDANT DM ASSOCIATES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW DM Associates, LLC (hereinafter "Defendant"), Defendant in the above-styled action, and files this Answer to Plaintiff Chotsani Bennett's (hereinafter "Plaintiff") Complaint within the time permitted by law within which to respond, showing this Court as follows:

## DEFENSES

Defendant states the following defenses to Plaintiff's Complaint but does not assume the burden of proof on any such defense except as required by applicable law. Defendant reserves the right to assert additional defenses or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

2081373v1

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § § 207(a)(1), 216(b) because, at all times, Defendant compensated Plaintiff in compliance with the requirements set forth in the FLSA.

## THIRD DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief may be granted because, at all times, Defendant compensated Plaintiff in a manner that Defendant believed, in absolute good faith, complied with the FLSA.

## FOURTH DEFENSE

Plaintiff is not entitled to liquidated damages because, at all times, Defendant held a good faith belief that its manner of compensating Plaintiff complied with the FLSA.

2081373v1

## FIFTH DEFENSE

Some or all of the claims set forth in the Complaint are outside the FLSA's statute of limitations and therefore are time-barred.

## SIXTH DEFENSE

Plaintiff is not entitled to equitable tolling of the statute of limitations because Defendant did not prevent Plaintiff from learning of her rights under the FLSA and because Plaintiff failed to bring this action within a reasonable time after obtaining actual or constructive knowledge of her rights under the FLSA.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not harmed in the manner or to the extent alleged.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release, and payment.

## TENTH DEFENSE

Plaintiff's is not entitled to attorneys' fees or costs.

2081373v1

### ELEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the damages limitations set forth in 29 U.S.C. § 255.

### TWELFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff and the proposed class members are not "similarly situated" for purposes of a class representative or collective action under the Fair Labor Standards Act. Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

### THIRTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred as to such claims asserted on behalf of "similarly situated" individuals, if any, who do not give their consent in writing to become party plaintiffs and/or whose express written consent is not filed with the Court.

### FOURTEENTH DEFENSE

Some or all of Plaintiff's purported claims are barred to the extent they include a time period during which Defendant did not employ Plaintiff.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's purported claims are barred because DM Associates, LLC has been dissolved.

## SIXTEENTH DEFENSE

Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

## SEVENTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

**1.**

Defendant admits that Plaintiff purports to bring this action pursuant to FLSA § 216(b).  Defendant denies, however, any and all alleged wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.  Defendant further admits that Plaintiff performed administrative duties for Defendant in Fulton County, Georgia during her employment with Defendant.  Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

**2.**

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

**3.**

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**4.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint that Plaintiff is a resident of Marietta, Georgia, which allegations therefore stand denied.  Defendant further admits that Plaintiff's Consent to Join Collective Action and Be Represented By Morgan & Morgan is attached to Plaintiff's Complaint as Exhibit A.  Defendant further admits that Plaintiff was employed by Defendant from the Summer of 2008 through October 14, 2008.  Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

**5.**

Defendant admits that it was a Georgia Corporation that operated and conducted business in Fulton County, Georgia and was within the jurisdiction of this Court.  Defendant denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

**6.**

Defendant admits that it may be served process through its registered agent, Perry A. Phillips, 358 Roswell Street, Suite 130, Marietta, GA 30060. The remaining allegations in Paragraph 6 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required.

**7.**

The allegations in Paragraph 7 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required.

**8.**

The allegations in Paragraph 8 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required.

**9.**

Defendant states that it employed Plaintiff from the Summer of 2008 to October 14, 2008. Defendant denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

**10.**

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

**11.**

Defendant admits that records of the number of hours worked and the amounts paid to Plaintiff during her employment with Defendant are in the possession and control of Defendant. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

**12.**

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-11 of Plaintiff's Complaint as if fully restated herein.

**13.**

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

**14.**

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

**15.**

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**16.**

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-15 of Plaintiff's Complaint as if fully restated herein.

**17.**

The allegation in Paragraph 17 of Plaintiff's Complaint that "they worked during their employment" is vague and ambiguous in that Plaintiff does not specify who are "they" and "their."  Accordingly, Defendant lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

**18.**

Defendant admits that Plaintiff's employment with Defendant terminated on October 14, 2008.  Plaintiff denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

**19.**

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

2081373v1

**20.**

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

The non-enumerated "WHEREFORE" Paragraph that follows Paragraph 20 of Plaintiff's Complaint is merely a request for relief to which no responsive pleading is required.  However, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### EIGHTEENTH DEFENSE

Defendant denies each and every allegation in Plaintiff's Complaint not previously expressly admitted or denied.

2081373v1

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant requests that:

1. This Court dismiss Plaintiff's claims in their entirety and with prejudice, enter judgment in favor of Defendant on Plaintiff's claims, and award Defendant all costs of this action, including reasonable attorneys' fees; and

2. This Court award Defendant such other and further relief as may be justified by the law and as may be deemed appropriate by this Court.

Respectfully submitted this 28th day of July, 2009.

/s/Theresa Y. McDaniel, Esq.
Michael D. Kaufman, Esq.
Georgia Bar No. 409195
Theresa Y. McDaniel, Esq.
Georgia Bar No. 223326
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308
(404) 885-3000 (Telephone)
(404) 885-3900 (Facsimile)

Attorneys for Defendant
DM Associates, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHOTSANI BENNETT, on behalf of herself and others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | CIVIL ACTION FILE |
| vs. | ) ) ) | NO. 1:09-cv-1615-GET |
| **DM ASSOCIATES, LLC,** | ) ) | |
| **Defendants** | ) ) ) ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing DEFENDANT DM ASSOCIATES, LLC upon counsel of record via electronic filing through the CM/ECF System and via first class mail postage prepaid, addressed as follows:

> Deirdre Stephens Johnson
> Morgan & Morgan, P.A.
> 191 Peachtree Street, NE
> Suite 4200
> Atlanta, Georgia  30303

This 28th day of July, 2009.

> /s/Theresa Y. McDaniel, Esq.
> Theresa Y. McDaniel, Esq.
> Attorney for Defendant
> DM Associates, LLC

2081373v1